(156 App. Div. 745.)

### MEYER v. LEVY.

(Supreme Court, Appellate Division, First Department. May 29, 1913.)

CORPORATIONS (§ 121*)—SALE OF STOCK—PRACTICAL CONSTRUCTION OF CONTRACT.

In an action on a contract guaranteeing for five years 8 per cent. dividends on the stock sold the full value of the stock to be returned if such dividends were not paid, evidence *held* to show that by a practical construction of the contract plaintiff had assented to a payment of the 8 per cent. by the seller, knowing that no dividends, except one, had been declared by the corporation.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 504, 505; Dec. Dig. § 121.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Trial Term, New York County.

Action by Morris J. Meyer against Abraham Levy. From a judgment for plaintiff, entered on a directed verdict, defendant appeals. Reversed, and judgment entered.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

Oswald N. Jacoby, of New York City (Albert T. Scharps, of New York City, on the brief), for appellant.

Gerald B. Rosenheim, of New York City (Moses H. Grossman, of New York City, on the brief), for respondent.

LAUGHLIN, J. The evidence indicates that on or about the 16th day of December, 1903, the plaintiff purchased of the defendant capital stock in a corporation known as the Block Light Company and paid a consideration of $2,500 therefor; but this is not clearly shown. The action is based on a contract by which the plaintiff claims, in effect, that the defendant guaranteed that the Block Light Company would pay semiannual dividends on the stock equal to 8 per cent. per annum on plaintiff's investment of $2,500 for a period of five years, and that if it did not defendant would return to the plaintiff $2,500 in cash. The contract is in writing, and in the form of a letter, signed by the defendant and addressed to the plaintiff, the body of which is as follows:

"I herewith guarantee you not less than 8% (eight per cent.) on your investment of $2,500 (twenty-five hundred dollars) in the Block Light Company of New York. This guaranty to hold good for five years from this date and the first dividend to begin not later than April 1, 1904. Should you not get 8% on the $2,500 investment at any time during the five years, I agree to return you the $2,500—in cash without delay."

On the trial counsel for the defendant contended that the agreement was ambiguous, and that the practical interpretation of it by the parties should be received to aid in its construction. Counsel for the plaintiff at first took an opposite view; but the court ruled in favor of the contention made in behalf of the defendant, and this was acquiesced in, and the plaintiff was thereupon called as a witness in his own behalf. He admitted that he received only one dividend from the company, which was evidently the first one specified in the contract, for he testified that he received one dividend from the company in the form of a check by mail "in the year 1903," which was before it would become payable under the contract, and that the defendant had then already paid to the plaintiff the amount of the dividend, and requested plaintiff to deliver to him the check from the company for the dividend when received, which he did; that following this plan, by which defendant was to pay the dividend to plaintiff regularly, the defendant paid to the plaintiff $100 semiannually, which would be the amount of the dividend.

It was conceded for the purposes of the trial that plaintiff had thus received from the defendant payments of $100, semiannually, during the five years specified in the contract. Notwithstanding the fact

that plaintiff received no further dividend check from the company, and, as the stock stood in his name as shown by the certificate, no one else could have received it, and although he admitted that he "attended meetings of the Block Light Company," he denied that he was not aware of the fact that the company did not regularly declare dividends during the period of five years specified in the contract. The defendant testified that it was perfectly well understood between him and the plaintiff that the semiannual payments were made by the defendant in fulfillment of his contract liability to the plaintiff, and that the plaintiff well knew that dividends were not declared by the company. At the close of the evidence each party asked for a direction of a verdict; but, on its appearing probable that the court would grant plaintiff's motion, counsel for defendant asked permission to go to the jury on questions of fact, and without any motion to strike out the testimony of the plaintiff and the defendant the court ruled that such testimony was immaterial, and denied defendant's requests, and granted plaintiff's motion.

I am of opinion that the plaintiff was bound by the practical construction of the contract placed upon it by the parties, and that he cannot escape being bound thereby upon the theory that he supposed that the defendant was receiving dividends from the company. His claim now is, in effect, that the defendant guaranteed that the company would pay dividends equal, at least, to 8 per cent. on his investment. He has received from the defendant $1,000, only $100 of which to his knowledge represented a dividend declared by the company. His claim is, in effect, that he is entitled to retain the $900 paid by the defendant under the contract, upon the theory that he supposed, at the time he received it from the defendant, that the company would declare dividends, and that the defendant would be reimbursed thereby. On the plaintiff's present theory with respect to the construction of the contract, he was not entitled to receive any dividends, or any benefits on account of dividends, from the defendant. If the guaranty relates to dividends to be declared and paid by the company, the liability of the defendant, in the event of the failure of the company to declare and pay dividends as specified in the agreement, was to return the $2,500 to the plaintiff at the time the company defaulted in paying a dividend.

I do not deem it necessary to express an opinion with respect to the proper construction of the contract, standing alone and unaided by the practical construction thereof by the parties; for the plaintiff, after receiving the so-called dividends from the defendant, if without actual knowledge, at least with every reason to believe, that the company had not declared and would not declare dividends, is estopped from claiming that the defendant by the contract guaranteed, not that the plaintiff would receive an amount equal to 8 per cent. semiannually on his investment for the period specified, but that the company would regularly declare and pay dividends equal to that amount. On the construction which the parties placed upon the contract, the defendant has fulfilled his obligation; for, in view of the statute against usury, the contract should not receive a construction which would

render it one in effect to pay 8 per cent. per annum for the loan of money.

It follows, therefore, that the court erred in denying defendant's motion for a direction of a verdict, and that the judgment should be reversed, with costs, and judgment entered for defendant on its motion for a direction of a verdict, with costs.

DOWLING and HOTCHKISS, JJ., concur.

INGRAHAM, P. J., and McLAUGHLIN, J., concur upon the ground that under the contract, standing alone and unaided by a practical construction thereof, all the plaintiff was entitled to receive was 8 per cent. income on his investment for a period of five years, and that he, having received that return on his investment, was not entitled to repayment of the amount invested.